Matter of Rubin (2022 NY Slip Op 02804)

Matter of Rubin

2022 NY Slip Op 02804

Decided on April 27, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.

2020-09512

[*1]In the Matter of Samuel Rubin, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Samuel Rubin, respondent. (Attorney Registration No. 5107057.)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 10, 2013.

Diana Maxfield Kearse, Acting Chief Counsel, White Plains, NY (Antonia Cipollone of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On December 28, 2020, the Grievance Committee for the Ninth Judicial District personally served the respondent with a notice of petition and a verified petition, dated December 15, 2020, and December 3, 2020, respectively, and duly filed those papers with this Court together with the respondent's acknowledgment of service.
The verified petition contains two charges of professional misconduct, alleging that the respondent engaged in conduct prejudicial to the administration of justice (charge one), failed to render appropriate accounts to a client or third person (charge two), and engaged in other conduct that adversely reflects on his fitness as a lawyer (charges one and two) in violation of rules 8.4(d) and (h) and 1.15(c)(3) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the petition as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. The motion papers were served upon the respondent on December 6, 2021, by overnight delivery. To date, the respondent has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the verified petition dated December 3, 2020, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and IANNACCI, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated December 3, 2020, established upon the default of the respondent, Samuel Rubin, is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Samuel Rubin, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Samuel Rubin, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Samuel Rubin, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Samuel Rubin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court